UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOB McNEIL, an individual, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>Defendant. | CASE NO. 1:19-CV-00473-FB-RER |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

In further support of his Opposition to Defendant's Motion to Dismiss, Plaintiff submits the recent decisions of *Noe v. City National Bank of West Virginia*, 3:19-cv-0690 (S.D.W. Va. Feb. 19, 2020) (attached as Exhibit A), *Ingram v. Teachers Credit Union*, No. 49D01-1908-PL-035431 (Marion Co., Ind. Commercial Court Feb. 18, 2020) (attached as Exhibit B).

In *Noe*, plaintiff sued the City National Bank of West Virginia (the "Bank") for breach of contract and the implied covenant of good faith and fair dealing over the assessment of multiple insufficient funds (or NSF) fees where the bank had promised a single fee "per item." The Bank moved to dismiss arguing that its contract permitted the fees. Judge Robert C. Chambers of the U.S. District Court for the Southern District of West Virginia held that the court could not dismiss the case at such an early stage of the litigation because, on the face of the contracts at issue, "it is unclear whether Defendant had the contractual right to assess more than one NSF fee for a single attempted purchase." Ex. A at 10. The court also noted that plaintiff sufficiently alleged each element of a breach of contract action, including violations of the implied covenant of good faith and fair dealing, in her complaint. *Id*. at 9-13.

In the *Ingram* case, plaintiff sued Teachers Credit Union over the assessment of multiple insufficient funds fees on the same item, alleging breach of contract, including violations of the implied covenant of good faith and fair dealing. Judge Heather A. Welch of the Indiana Commercial Court held that plaintiff stated claims for breach of contract because "there is a possibility that the language is ambiguous" and because in such a circumstance "contract interpretation is to be determined at the summary judgment stage, not the motion to dismiss stage." Ex. B at 7. The court held that "there are a set of circumstances in which the Plaintiff could be entitled to relief" for breach of contract and for breach of the covenant of good faith and fair dealing, and therefore denied the motion to dismiss. *Id.*

Dated: February 26, 2020                              Respectfully submitted,


                                                      */s/ Steven M. Nathan*
                                                      Steven M. Nathan
                                                      Scott Martin
                                                      **HAUSFELD LLP**
                                                      33 Whitehall St., 14th Floor
                                                      New York, NY 10004
                                                      Telephone: (646) 357-1100
                                                      Facsimile: (212) 202-4322
                                                      snathan@hausfeld.com
                                                      smartin@hausfeld.com

                                                      James Pizzirusso (pro hac vice)
                                                      **HAUSFELD LLP**
                                                      1700 K St., NW, Ste 650
                                                      Washington, DC 20006
                                                      Telephone: 202-540-7200
                                                      Facsimile: 202-540-7201
                                                      jpizzirusso@hausfeld.com

> Jeffrey D. Kaliel (pro hac vice)
> Sophia Gold (pro hac vice)
> **KALIEL PLLC**
> 1875 Connecticut Ave., NW, 10th Floor
> Washington, DC 20009
> Telephone: 202-350-4783
> jkaliel@kalielpllc.com
> sgold@kalielpllc.com
>
> Hassan A. Zavareei (pro hac vice)
> Andrea Gold (pro hac vice)
> **TYCKO & ZAVAREEI LLP**
> 1828 L St NW, Suite 1000
> Washington, DC 20036
> Telephone: 202-973-0900
> Facsimile: 202-973-0950
> hzavareei@tzlegal.com
> agold@tzlegal.com
>
> Jeff Ostrow (pro hac vice)
> Jonathan M. Streisfeld (pro hac vice)
> **KOPELOWITZ OSTROW**
> **FERGUSON WEISELBERG GILBERT**
> One W. Las Olas Blvd., Suite 500
> Fort Lauderdale, FL 33301
> Telephone: 954-525-4100
> Facsimile: 954-525-4300
> ostrow@kolawyers.com
> streisfeld@kolawyers.com
>
> *Attorneys for Plaintiff and the Putative Classes*

3

## CERTIFICATE OF SERVICE

I certify that on February 26, 2020, a true and accurate copy of the foregoing Plaintiff's Notice of Supplemental Authority Submitted in Opposition to Defendant's Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                 */s/ Steven Nathan*