UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOB MCNEIL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>　　　　　　　　Defendant. | No. 19 Civ. 473 (FB)(RER) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Capital One, N.A. ("Capital One") respectfully submits this response to Plaintiff's notices of supplemental authority, ECF Nos. 42 and 43, which addressed the Southern District of West Virginia's decision in *Noe v. City National Bank of West Virginia*, No. 19 Civ. 690 (S.D.W.Va. Feb. 19, 2020), the Indiana Commercial Court's decision in *Ingram v. Teachers Credit Union*, No. 49D01-1908-PL-035431 (Marion Co., Ind. Comm. Ct. Feb. 18, 2020), and the Indiana Circuit Court's decision in *Perri v. Notre Dame Federal Credit Union*, No. 71C01-1909-PL-000332 (Ind. Cir. Ct. St. Joseph Cty. March 2, 2020). As explained below, none of these cases are relevant to Plaintiff's claims in this action.

In *Noe*, the plaintiff alleged that the defendant bank breached its contract with the plaintiff by charging multiple insufficient funds ("NSF") fees for a single attempted purchase. The defendant moved to dismiss, arguing that the relevant deposit agreement authorized the bank to charge successive NSF fees for the same purchase. *Noe* at 9. The court denied the motion, but the court's decision was not based on an interpretation of the NSF fee provision. Instead, the court found that "[i]t is not clear at this point" whether the deposit agreement authorizing

multiple NSF fees in fact governed the plaintiff's account at the time of the purchase, or whether the plaintiff's account was governed by a different set of terms and conditions that were subsequently sent to the plaintiff.  *Id.* at 9-10.  Unlike *Noe*, here there is no dispute over which deposit agreement was in place at the time of Plaintiff's alleged transactions.  The court's decision is therefore not relevant to this action.

*Ingram* is also distinguishable.  There, the plaintiff brought claims under Indiana law alleging, among other things, that the defendant bank violated its deposit agreement by assessing multiple NSF fees on a single purchase.  *Ingram* at 3.  The court denied the defendant's motion to dismiss, finding that there was a "possibility" that the relevant language in the defendant bank's deposit agreement was ambiguous.  *Id.* at 7.  The court did not, however, explain which specific terms or provisions of the deposit agreement were potentially ambiguous.  And, in any event, the relevant contract language from the deposit agreement differs significantly from the relevant provisions here.  Specifically, the complaint in *Ingram* alleged that the defendant's deposit agreement provides as follows:  "If a check, item or transaction . . . is presented without sufficient funds in your account to pay it, we may, at our discretion, pay the item (creating an overdraft) or return the item for insufficient funds (NSF)."  *Ingram* Compl. ¶ 79 (attached as Exhibit A).  By contrast, the relevant language of the deposit agreement here provides that Capital One "may charge a fee for each item returned."  Compl. ¶ 43.  This language is nearly identical to the provision at issue in *Lambert v. Navy Federal Credit Union*, where, as explained in Defendant's motion to dismiss briefing, the Eastern District of Virginia recently dismissed the plaintiff's claims.  *See* ECF No. 34-1 at 13-14; ECF No. 34-8 at 9.

Moreover, *Ingram* was decided under the more relaxed pleading standards applicable to claims in Indiana state court.  Indeed, the court itself declined to consider federal cases cited by

2

the defendant in its moving papers, acknowledging that "the motion [to] dismiss standard will vary not only between federal and state courts but also from state to state." *Ingram* at 7. The court's decision is thus not relevant to Plaintiff's claims here, which are evaluated under the more stringent federal pleading standards.

Finally, *Perri*, another decision from Indiana state court, is also not relevant here. In *Perri*, the court denied the defendant credit union's motion to dismiss, finding that an "item or transaction" does not "morph into a separate or new item" when it is re-presented by a merchant. *Perri* at 6. But the relevant contract language in the deposit agreement there is identical to that in *Ingram* and is thus not relevant to the agreement here. *See Perri* Compl. ¶ 79 (attached as Exhibit B). Moreover, as with *Ingram*, this case was decided under the more relaxed pleading standards applicable to claims brought in Indiana state court that are not relevant here.

Dated: March 18, 2020

                                                  Respectfully submitted,

                                                  BUCKLEY LLP

By:   /s/ James R. McGuire
       James R. McGuire (pro hac vice)
       555 California Street, Suite 4925
       San Francisco, CA 94104
       Tel: (415) 619-3415
       Fax: (415) 619-3505
       jmcguire@buckleyfirm.com

       Brian J. Wegrzyn
       1133 Avenue of the Americas, Suite 3100
       New York, NY 10036
       Tel: (212) 600-2395
       Fax: (212) 600-2405
       bwegrzyn@buckleyfirm.com

       *Attorneys for Defendant Capital One Bank, N.A.*