UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOB McNEIL, an individual, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>Defendant. | CASE NO. 1:19-CV-00473-FB-RER |

**PLAINTIFF'S NOTICE OF FURTHER SUPPLEMENTAL AUTHORITY (S.D.N.Y.) SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant Capital One's Response to Plaintiff's Notice of Supplemental Authority (ECF No. 44), filed today, seeks to distinguish the supplemental authority Plaintiff previously submitted. Plaintiff leaves the application of this caselaw to the Court and will not respond to Defendant's improper argument. More importantly, however, the growing weight of authority concerning the viability of Plaintiff's "single-item" interpretation with respect to NSF Fees can hardly be in doubt now, given yet another analogous opinion decided yesterday (March 17, 2020) by Judge Caproni in this Court's sister district.

In *Perks et al v. TD Bank, N.A*, Case No. 1:18-cv-11176-VEC (S.D.N.Y. March 17, 2020) (attached as Exhibit 1) the court denied a bank's motion to dismiss in a nearly identical case. In that case, similar to here, the definition of the term "item" included "a[n] . . . ACH transaction . . . and any other instruction or order for the payment, transfer, deposit or withdrawal of funds." Ex. A at 4-5 (emphasis added). The court determined that "the definition of 'item' is ambiguous with regard to whether a

resubmission of an ACH transaction is a separate item or is part of the same initial ACH transaction, and that ambiguity must be read in favor of Plaintiffs at this stage. Because Plaintiffs' proposed construction is a reasonable construction of the Agreement, Plaintiffs have sufficiently alleged a breach resulting from multiple overdraft charges imposed as a result of resubmissions of a single ACH transaction." *Id.*

Dated:  March 18, 2020                              Respectfully submitted,

 

*/s/ Steven M. Nathan*
Steven M. Nathan
Scott Martin
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322
snathan@hausfeld.com
smartin@hausfeld.com

James Pizzirusso (pro hac vice)
**HAUSFELD LLP**
1700 K St., NW, Ste 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
jpizzirusso@hausfeld.com

Jeffrey D. Kaliel (pro hac vice)
Sophia Gold (pro hac vice)
**KALIEL PLLC**
1875 Connecticut Ave., NW, 10th Floor
Washington, DC 20009
Telephone: 202-350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

        Hassan A. Zavareei (pro hac vice)
        Andrea Gold (pro hac vice)
        **TYCKO & ZAVAREEI LLP**
        1828 L St NW, Suite 1000
        Washington, DC 20036
        Telephone: 202-973-0900
        Facsimile: 202-973-0950
        hzavareei@tzlegal.com
        agold@tzlegal.com

        Jeff Ostrow (pro hac vice)
        Jonathan M. Streisfeld (pro hac vice)
        **KOPELOWITZ OSTROW**
        **FERGUSON WEISELBERG GILBERT**
        One W. Las Olas Blvd., Suite 500
        Fort Lauderdale, FL 33301
        Telephone: 954-525-4100
        Facsimile: 954-525-4300
        ostrow@kolawyers.com
        streisfeld@kolawyers.com

        ***Attorneys for Plaintiff and the Putative Classes***

## CERTIFICATE OF SERVICE

I certify that on March 18, 2020, a true and accurate copy of the foregoing Plaintiff's Notice of Supplemental Authority Submitted in Opposition to Defendant's Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Steven Nathan