UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOB McNEIL, an individual, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>Defendant. | CASE NO. 1:19-CV-00473-FB-RER |

**PLAINTIFF'S NOTICE OF FURTHER SUPPLEMENTAL AUTHORITY SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

In further support of his Opposition to Defendant's Motion to Dismiss, Plaintiff submits the recent decision in adding to the numerous other motion to dismiss denials in substantially similar cases previously cited by Plaintiff.

On April 14, 2020, Judge H. Russel Holland of the District of Alaska denied a motion to dismiss a complaint alleging the improper assessment of more than one NSF Fee on the same "item." In a well-reasoned, 18-page order in *Coleman v. Alaska USA Federal Credit Union*, No. 3:19-cv-0229-HRH (D. Alaska) (April 14, 2020), a copy of which is attached as *Exhibit A*, the court denied the motion to dismiss with respect to plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims.

> Both parties' interpretations of the Account Agreement are plausible. It is plausible that a member could have expected to only be charged one NSF fee when she only gave one authorization for an ACH transaction, no matter how many times the merchant presented the transaction for payment. On the other hand, it is plausible to view the Account Agreement as allowing defendant to charge an NSF fee each time it received a request for payment and there were insufficient funds in the account. Because it is plausible that the Account Agreement "is reasonably susceptible of either meaning[,]" the contract may be ambiguous and defendant's motion to dismiss plaintiff's breach of contract claim must be denied.

*Id*. at 9 (citation omitted). The court also determined the plausibility of the breach of contract claim also rendered the implied covenant of good faith and fair dealing claim plausible. *Id.* at 14.

The court in *Alaska USA* went on to identify another ambiguity—one that applies directly here. As in this matter, the account contract in Alaska USA conflated overdraft fees (charged on items paid into overdraft) and NSF Fees (charged on items returned for insufficient funds). For both, the contract stated that a single fee would be assessed for each "item." Plaintiff in Alaska USA argued that because an overdraft fee can only occur *once* on an item that is paid into overdraft (since, once paid, it can never be processed a second or third time), it is reasonable to also understand the same is true for an item that is returned for insufficient funds.

According to the court: "the fact that in some instances, the Account Agreement uses 'item' to refer to an act that can only occur once does suggest that it is plausible that the contract is susceptible to two reasonable interpretations and thus may be ambiguous." *Id.* at 13. Identical reasoning applies here, where Capital One promises that returned items and overdraft items can each incur a single bank fee and both types of items are referred to as having the same fee assessment practices in the Deposit Agreement.

Dated: April 15, 2020               Respectfully submitted,

                                    */s/ Steven M. Nathan*
                                    Steven M. Nathan
                                    Scott Martin
                                    **HAUSFELD LLP**
                                    33 Whitehall St., 14th Floor
                                    New York, NY 10004
                                    Telephone: (646) 357-1100
                                    Facsimile: (212) 202-4322
                                    snathan@hausfeld.com
                                    smartin@hausfeld.com

James Pizzirusso (pro hac vice)
**HAUSFELD LLP**
1700 K St., NW, Ste 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
jpizzirusso@hausfeld.com

Jeffrey D. Kaliel (pro hac vice)
Sophia Gold (pro hac vice)
**KALIEL PLLC**
1875 Connecticut Ave., NW, 10th Floor
Washington, DC 20009
Telephone: 202-350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Hassan A. Zavareei (pro hac vice)
Andrea Gold (pro hac vice)
**TYCKO & ZAVAREEI LLP**
1828 L St NW, Suite 1000
Washington, DC 20036
Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com
agold@tzlegal.com

Jeff Ostrow (pro hac vice)
Jonathan M. Streisfeld (pro hac vice)
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
Facsimile: 954-525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

***Attorneys for Plaintiff and the Putative Classes***

## CERTIFICATE OF SERVICE

I certify that on April 15, 2020, a true and accurate copy of the foregoing Plaintiff's Notice of Further Supplemental Authority Submitted in Opposition to Defendant's Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Steven Nathan*
Steven Nathan
