**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOB MCNEIL, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>         Defendant. | Case No. 1:19-cv-00473-FB-RER<br><br>**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

   Defendant Capital One, N.A. ("Capital One"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), responds to the numbered paragraphs of the Complaint as follows:

   1.  Paragraph 1 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 1.

   2.  Capital One admits that Plaintiff purports to bring a class action against Capital One, but denies that it may be properly so maintained. Except as expressly admitted, Capital One denies the allegations in paragraph 2.

   3.  Capital One respectfully refers the Court to Capital One's Rules Governing Deposit Accounts ("Deposit Agreement") and the Electronic Fund Transfer Agreement and Disclosure for Personal and Commercial Accounts (the "EFT Agreement"), attached to the August 16, 2019 Declaration of Jessica Kaufman in Support of Defendant's Motion to Dismiss as Exhibit 2; the Schedule of Miscellaneous Fees and Charges ("Fee Schedule"), attached to the Complaint as Exhibit B; and the Online Banking Agreement, attached to the Complaint as Exhibit C (collectively, the "Account Agreements") for their full terms and legal effect and states that the

Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 3.

4. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 4.

5. Capital One admits that it charges non-sufficient fund ("NSF") fees and overdraft ("OD") fees. The remaining allegations consist of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 5.

6. Paragraph 6 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 6.

7. Paragraph 7 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 7.

8. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 8.

9. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 9.

10. Paragraph 10 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 10.

11. Paragraph 11 consists of conclusions of law to which no response is required. To

the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 11.

12. Paragraph 12 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 12.

13. Paragraph 13 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 13.

14. Capital One admits that Plaintiff purports to seek damages, restitution, and injunctive relief. Except as expressly admitted, Capital One denies the allegations in paragraph 14.

15. Capital One admits that Plaintiff maintains a checking account with Capital One. Capital One otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Capital One admits that it is a national bank chartered under the laws of the United States of America, that it provides retail banking services, and that it conducts business in the State of New York. Except as expressly admitted, Capital One denies the allegations in paragraph 16.

17. Paragraph 17 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 17.

18. Capital One denies that the Court has personal jurisdiction over Capital One with

regards to the putative class claims of non-New York residents. Paragraph 18 otherwise consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 18.

19. Paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 19.

20. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 20.

21. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 21.

22. Capital One denies the allegations in paragraph 22.

23. Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of other banks. Capital One otherwise denies the allegations in paragraph 23.

24. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 24.

25. Capital One denies the allegations in paragraph 25.

26. Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies the allegations in paragraph 26.

27. Capital One admits that it rejected an ACH transaction for $43.80 from PayPal on

January 9, 2018 because Plaintiff lacked sufficient funds to cover the transaction and that it assessed a $35 NSF fee consistent with the Account Agreements for performing that service.

28. Capital One admits that it rejected an ACH transaction for $43.80 from PayPal on January 17, 2018 because Plaintiff lacked sufficient funds to cover the transaction and that it assessed a $35 NSF fee consistent with the Account Agreements for performing that service. Except as expressly admitted, Capital One denies the allegations in paragraph 28.

29. Capital One admits that Plaintiff was assessed a $35 NSF fee on both January 9, 2018 and on January 17, 2018 when PayPal presented ACH transactions for $43.80 because Plaintiff lacked sufficient funds in his account to cover the ACH transactions. Except as expressly admitted, Capital One denies the allegations in paragraph 29.

30. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One denies knowledge or information sufficient to form a belief as to what Plaintiff understood and on that basis denies the allegations in paragraph 30.

31. Capital One admits that PayPal included "RETRY PMT" in the transaction description field for the January 17, 2018 ACH transaction, but explicitly denies that it understood it to be a "single" transaction.

32. Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis denies the allegations in paragraph 32.

33. Capital One admits that it rejected an ACH transaction for $17.54 from PayPal on June 15, 2018 because Plaintiff lacked sufficient funds to cover the transaction and that it assessed a $35 NSF fee consistent with the Account Agreements for performing that service.

34. Capital One admits that it rejected an ACH transaction for $17.54 from PayPal on

June 22, 2018 because Plaintiff lacked sufficient funds to cover the transaction and that it assessed a $35 NSF fee consistent with the Account Agreements for performing that service. Except as expressly admitted, Capital One denies the allegations in paragraph 34.

35. Capital One admits that Plaintiff was assessed a $35 fee on both June 15, 2018 and on June 22, 2018 when PayPal presented ACH transactions for $17.54 because Plaintiff lacked sufficient funds in his account to cover the ACH transactions. Except as expressly admitted, Capital One denies the allegations in paragraph 35.

36. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One denies knowledge or information sufficient to form a belief as to what Plaintiff understood and on that basis denies the allegations in paragraph 36.

37. Capital One admits that PayPal included "RETRY PMT" in the transaction description field for the June 22, 2018 ACH transaction, but explicitly denies that it understood it to be a "single" transaction.

38. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 38.

39. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 39.

40. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 40.

41. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 41.

42. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 42.

43. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 43.

44. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 44.

45. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 45.

46. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 46.

47. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 47.

48. Capital One respectfully refers the Court to the Account Agreements for their full

terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 48.

49.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 49.

50.     Capital One denies knowledge or information sufficient to form a belief as to the truth of how many times Plaintiff authorized PayPal to request payment for his transactions and on that basis denies that allegation. Capital One explicitly denies that it "automatically" reprocessed his ACH transactions. Capital One denies the remaining allegations in paragraph 50.

51.     Capital One denies that the Online Banking Agreement applies to the subject transactions. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 51.

52.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 52.

53.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 53.

54.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 54.

55.     Paragraph 55 consists of conclusions of law to which no response is required. To

the extent a response is required, Capital One denies the allegations in paragraph 55.

56. Paragraph 56 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 56.

57. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 57.

58. Paragraph 58 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 58.

59. Capital One denies the allegations in paragraph 59.

60. Capital One denies the allegations in paragraph 60.

61. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 61.

62. Capital One denies the allegations in paragraph 62.

63. Capital One denies the allegations in paragraph 63.

64. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 64.

65. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 65.

66. Capital One respectfully refers the Court to the Account Agreements for their full

terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 66.

67. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 67.

68. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 68.

69. Paragraph 69 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 69.

70. Paragraph 70 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 70.

71. Paragraph 71 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect, states that the Account Agreements speak for themselves, and otherwise denies the allegations in paragraph 71.

72. Capital One denies the allegations in paragraph 72.

73. Capital One denies the allegations in paragraph 73.

74. Capital One admits that Plaintiff was assessed fees on June 15, 2018 and on June

22, 2018 when PayPal presented ACH transactions for $17.54 and Plaintiff lacked sufficient funds in his account to cover the ACH transactions.  Except as expressly admitted, Capital One denies the allegations in paragraph 74.

75.     Capital One denies the allegations in paragraph 75.

76.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 76.

77.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 77.

78.     Capital One denies the allegations in paragraph 78.

79.     Capital One admits that Plaintiff purports to bring this action on behalf of himself and all others similarly situated.  Capital One otherwise denies the allegations in paragraph 79.

80.     Capital One admits that Plaintiff purports to bring a class action on behalf of the putative classes described in paragraph 80.

81.     Paragraph 81 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 81.

82.     Capital One admits that Plaintiff purports to exclude certain entities and individuals from the putative classes described in paragraph 82.

83.     Paragraph 83 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 83.

84.     Paragraph 84 consists of consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 84.

85. Paragraph 85 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 85.

86. Paragraph 86, including subparts a-g, consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 86.

87. Paragraph 87 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 87.

88. Paragraph 88 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 88.

89. Paragraph 89 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 89.

90. Capital One denies the allegations in paragraph 90.

## CAUSES OF ACTION

### First Claim for Relief
### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing
### (On Behalf of the Classes)

91. Capital One re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

92. Capital One admits that Plaintiff agreed to the terms of the Account Agreements.

93. Capital One denies the allegations in paragraph 93. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.

94. Paragraph 94 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 94.

95. Capital One denies the allegations in paragraph 95.

96. Capital One denies the allegations in paragraph 96.

97. Capital One denies the allegations in paragraph 97.

98. Capital One denies the allegations in paragraph 98.

99. Capital One denies the allegations in paragraph 99.

**SECOND CLAIM FOR RELIEF**
New York General Business Law, N.Y. Gen. Bus. Law § 349 *et. seq.*
(On Behalf of the New York Subclasses)

100. Capital One re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

101. Capital One denies the allegations in paragraph 101.

102. Paragraph 102 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 102.

103. Capital One admits that it conducts business in the State of New York.

104. Capital One admits that certain of its services are directed at consumers.

105. Capital One denies the allegations in paragraph 105, including subparts (a) and (b).

106. Capital One denies the allegations in paragraph 106.

107. Capital One denies the allegations in paragraph 107.

108. Capital One denies the allegations in paragraph 108.

109. Capital One denies the allegations in paragraph 109.

110. Capital One denies the allegations in paragraph 110.

111. Capital One denies the allegations in paragraph 111.

112. Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113. Capital One denies the allegations in paragraph 113.

114. Capital One denies that Plaintiff is entitled to any of the relief requested in paragraph 114.

### THIRD CLAIM FOR RELIEF
**Unjust Enrichment (On Behalf of the Classes)**

The Court has dismissed this cause of action and therefore Capital One is not obligated to reply to the allegations in paragraphs 115 through 123 in the Complaint.

### PRAYER FOR RELIEF

Capital One denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears on pages 24 and 25 of the Complaint.

### AFFIRMATIVE DEFENSES

Capital One has not completed its investigation of the facts of the case, has not completed discovery in this matter, and has not completed preparation for trial.  The affirmative defenses asserted herein are based on Capital One's knowledge, information, and belief at this time, and Capital One specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.

Capital One also reserves the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, Capital One does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, nor does it assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

Subject to the preceding qualifications, Capital One alleges the following additional separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks relief for conduct occurring outside the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred in their entirety to the extent that Plaintiff consented to or authorized Capital One's assessment of NSF and OD fees. As such, Plaintiff is barred from raising claims about Capital One's NSF and OD fees, because after receiving notice of Capital One's pertinent policies in the Account Agreements, Plaintiff continued to initiate transactions that caused him to incur NSF and OD fees. Plaintiff accepted the benefits of Capital One's policies and practices regarding NSF and OD fees and is precluded from now repudiating the charges associated with the services provided pursuant to those policies and practices.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrine of laches because Plaintiff initiated transactions via his checking account and incurred fees for years before bringing this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if permitted to obtain any recovery in this action. After Plaintiff received express notice of Capital One's pertinent policies in the Account Agreements, Plaintiff continued to initiate transactions that caused him to incur NSF and OD fees. Plaintiff exploited the benefits of the NSF and OD services he obtained from Capital One and is now precluded from repudiating the charges associated with those services and the policies and procedures associated with them.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to perform his obligations under the Account Agreements. Capital One is therefore relieved of any and all obligations or promises related to the Account Agreements.

### SIXTH AFFIRMATIVE DEFNESE

The Complaint is barred, in whole or in part, by the equitable doctrine of estoppel. After Plaintiff received express notice of Capital One's pertinent policies in the Account Agreements, Plaintiff continued to initiate transactions that caused him to incur NSF and OD fees. Plaintiff exploited the benefits of Capital One's policies and practices regarding NSF and OD services and is now precluded from repudiating the charges associated with the operation of those policies and practices.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of waiver. Plaintiff is barred from raising claims about Capital One's assessment of NSF and OD fees, because after receiving express notice of Capital One's pertinent policies in the Account Agreements, Plaintiff continued to initiate transactions that caused him to incur NSF and OD fees. Plaintiff accepted the benefits of Capital One's policies and practices regarding NSF and OD services and is now precluded from repudiating the charges associated with the operations of those policies and practices.

### EIGHTH AFFIRMATIVE DEFENSE

Capital One has fully performed all obligations required of it under any agreement and therefore is not liable to Plaintiff for damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Capital One exercised good faith in all dealings with Plaintiff. Capital One assessed any NSF and OD fees against Plaintiff in accordance with the Account Agreements governing Plaintiff's Capital One checking account.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages or losses allegedly suffered.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff cannot establish that he lacks an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands. Plaintiff's Account Agreements require him to maintain sufficient funds to cover all of his transactions. Plaintiff nonetheless overdrew his account where he knew, or should have known, that he did not have such funds.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has outstanding obligations to Capital One, his claims are barred or reduced. Capital One is entitled to a setoff for any refunded or waived NSF or OD fees assessed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of ratification. Plaintiff is barred from raising claims about Capital One's assessment of NSF and OD fees, because after receiving express notice of Capital One's pertinent policies in the Account Agreements, Plaintiff continued to initiate transactions that caused him to incur NSF and OD fees.

Plaintiff accepted the benefits of Capital One's policies and practices regarding NSF and OD fees and is precluded from now repudiating the charges associated with the operation of those policies and practices. Moreover, Plaintiff incurred NSF and OD fees where he knew, or should have known, that he did not have sufficient funds in his account to cover the transactions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from challenging Capital One's interpretation, application, and implementation of the terms and provisions of the Account Agreements because Plaintiff acquiesced to Capital One's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from Capital One's interpretation, application, and implementation of the contractual terms and provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine because the obligations and fees about which Plaintiff complains were paid voluntarily. After receiving express notice of Capital One's OD and NSF policies, Plaintiff voluntarily paid OD and NSF fees after incurring relevant charges. Plaintiff's monthly statements and notices informed him of NSF and OD transactions and the fees he was incurring.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Capital One complied with applicable laws and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are premised on conduct occurring outside of New York to non-New York residents because the Court lacks personal jurisdiction over Capital One as to those claims.

## ADDITIONAL DEFENSES

Capital One reserves the right to plead additional affirmative defenses as discovery progresses. In addition, as pled, the affirmative defenses apply to named Plaintiff Bob McNeil. Capital One reserves the right to plead additional affirmative defenses that it may have against members of the class, in the event that any class is certified in this action.

## PRAYER

WHEREFORE, on the purported claims for relief asserted against Defendant Capital One in the Complaint, Capital One prays for judgment as follows:

1. That Plaintiff's request for class certification be denied;

2. That the relief sought by Plaintiff in the Prayer for Relief of the Complaint be denied; and

3. That the Complaint be dismissed in its entirety, that judgment be entered in favor of Capital One, and that the Court award Capital One reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Capital One hereby requests that the Court deny Plaintiff's demand for a trial by jury as to all issues stated herein, and all issues so triable.

Dated: November 2, 2020

Respectfully submitted,

BUCKLEY LLP

By:   /s/ James R. McGuire
James R. McGuire (*pro hac vice*)
201 Mission Street
San Francisco, CA 94105
Tel: (415) 619-3500
Fax: (415) 619-3505
jmcguire@buckleyfirm.com

Brian J. Wegrzyn
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: (212) 600-2400
Fax: (212) 600-2405
bwegrzyn@buckleyfirm.com

*Attorneys for Defendant Capital One Bank, N.A.*