# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

BOB MCNEIL, individually and on behalf of
all others similarly situated,

Plaintiff,

- against -

CAPITAL ONE BANK, N.A.,

Defendant.

Case No. 1:19-cv-00473-NRM-TAM

<u>**SETTLEMENT AGREEMENT AND RELEASES**</u>

This Settlement Agreement and Release,[1] dated as of September 8, 2023, is entered into by Plaintiff, Bob McNeil, individually and on behalf of the Settlement Class, and Defendant, Capital One, N.A. The Parties hereby agree to the following terms in full settlement of the Action, subject to Final Approval.

**I.      <u>Recitals</u>**

On January 24, 2019, Plaintiff filed a Class Action Complaint in the United States District Court for the Eastern District of New York seeking monetary damages and other relief from Capital One based on its allegedly unfair and misleading assessment of more than one NSF and/or Overdraft Fee on the same item.  The Complaint asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing, violation of New York General Business Law § 349, and unjust enrichment.

On April 15, 2019, Capital One filed a pre-motion conference letter seeking to file a motion to dismiss the Complaint.  Plaintiff filed a response to Capital One's pre-motion letter on

---

[1] All capitalized terms herein have the same meanings as those defined in Section II of the Agreement.

April 22, 2019. The Court held a pre-motion conference on June 12, 2019, and then directed the Parties to brief Capital One's Motion to Dismiss.

On November 4, 2019, Capital One filed its fully briefed Motion to Dismiss, including Plaintiff's Opposition to the Motion to Dismiss and Defendant's Reply in Support of the Motion to Dismiss.

Subsequently, Plaintiff also filed several Notices of Supplemental Authority, and Capital One filed a response to a Notice of Supplemental Authority.

On September 29, 2020, Judge Frederic Block issued the Memorandum and Order denying the Motion to Dismiss, except as to Plaintiff's claim for unjust enrichment.

On October 9, 2020, the Parties filed a proposed Case Management Plan, and on October 13, 2020, the Court entered an order adopting the Case Management Plan and directed the Parties to proceed with discovery.

Additionally, on November 2, 2020, Capital One filed its Answer to the Complaint.

Over the next two and a half years, the Parties continued to vigorously litigate the Action and engaged in full-fledged discovery, including substantial written discovery, consisting of interrogatories, document requests, and requests for admission. Both Parties produced documents, with Capital One producing approximately 79,631 pages, plus sample account-level transaction data for certain months during the Class Period. Plaintiff took two Fed. R. Civ. P. 30(b)(6) corporate representative depositions and deposed two other fact witnesses, and Capital One deposed Mr. McNeil. Plaintiff also subpoenaed Klein Bank, while Capital One subpoenaed National Automated Clearing House Association and Santander Bank. Several discovery motions including letter motions seeking a joint protective order on confidential information, entry of a detailed ESI protocol, and additional time to complete discovery were filed, and the

Parties conducted extensive meet and confers on discovery issues over a period of several months which they resolved without court intervention.

During discovery, Plaintiff disclosed two experts, Arthur Olsen and Armando Levy, Ph.D. Capital One disclosed two experts, Daniel Garrett, Ph.D. and William Albert. Each expert witness provided detailed expert reports. Each Party deposed the other Party's experts.

On September 20, 2022, Capital One filed a pre-motion conference letter in anticipation of moving for summary judgment and attached to the letter motion its Statement of Material Facts and supporting exhibits. On October 4, 2022, Plaintiff filed his response to that letter, attaching his Statement of Material Facts and supporting exhibits.

On October 7, 2022, Plaintiff also filed a pre-motion conference letter to move for class certification, a pre-motion conference letter on partial summary judgment, and pre-motion conferences letters to exclude the opinions of Capital One's experts, Dr. Garrett and Mr. Albert. On October 14 and 21, 2022, Capital One responded to each of these letters.

On November 2, 2022, Capital One filed pre-motion conference letters to exclude Plaintiff's experts, Dr. Levy and Mr. Olsen. On November 9, 2022, Plaintiff filed his responses to those letters.

At various times during the litigation, the Parties discussed attending mediation to attempt to settle the Action. In November 2022, they agreed to do so and retained an experienced mediator, Simeon Baum, Esq., to conduct the mediation. The Parties also submitted mediation statements to the mediator.

On December 15, 2022, the Parties attended a full day mediation in New York with Mr. Baum. Despite the Parties' best efforts, the Action did not settle that day, leading the Parties to continue to litigate the case.

Following the re-assignment of the Action to Judge Nina Morrison, on January 6, 2023, the Court held a pre-motion conference to address the various pending pre-motion conference letters identified above. As a result of that conference, the Court decided to proceed first with Plaintiff's motion for class certification and the Parties' related *Daubert* motions. In conjunction with the motions that are described in the paragraphs that follow, the Parties moved to seal certain confidential information in the record of this Action, which the Court granted.

On February 6, 2023, Plaintiff served Capital One with his motion for class certification. On March 24, 2023, Capital One served Plaintiff with its opposition to that motion and its motions to exclude Dr. Levy's and Mr. Olsen's opinions.

On April 25, 2023, Plaintiff served Capital One with the reply in support of class certification, Plaintiff's motion to exclude Dr. Garrett's opinions, and oppositions to Capital One's motions to exclude Dr. Levy's and Mr. Olsen's opinions.

On May 2, 2023, Plaintiff served Capital One with his motion to exclude Mr. Albert's opinions, and, following the Court's bundling rule, the Parties filed the fully briefed motion for class certification with the Court.

On June 1, 2023, Capital One served its replies in support of the motions to exclude Mr. Levy's and Mr. Olsen's opinions, as well as its oppositions to the motions to exclude Dr. Garrett's and Mr. Albert's opinions. Also on June 1, 2023, following the Court's bundling rule, the Parties filed the fully briefed motions to exclude Dr. Levy's and Mr. Olsen's opinions.

During the process of briefing the above motions, the Parties' counsel continued to discuss the prospect of settlement, communicating at times directly and through Mr. Baum. They ultimately agreed to a second mediation session with Mr. Baum, which took place over a full day on June 14, 2023. On this day, the Parties agreed to the material terms of settlement and signed a term sheet effective June 14, 2023.

On June 16, 2023, Plaintiff filed a Notice of Settlement, alerting the Court that a Settlement was reached and asking the Court to stay all deadlines pending the filing of the Agreement, along with a Motion for Preliminary Approval. The Court adjourned all deadlines in the Action and directed the filing of the Motion for Preliminary Approval  by August 16, 2023.

Thereafter, the Parties negotiated the terms of this Agreement and executed it, effective as of the date set forth on the first page of this Agreement.

The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties. The Parties intend this Agreement to bind Plaintiff, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1.      "Account" means any consumer checking account maintained by Defendant.

2.      "Accountholder" means any person who has or had any interest, whether legal or equitable, in an Account during the Class Period, and includes Current Accountholders and Past Accountholders.

3.      "ACH debit" means an Automated Clearing House debit.

4.      "Action" means *Bob McNeil v. Capital One Bank, N.A.* in the Eastern District of New York 1:19-cv-00473.

5.      "Application for Attorneys' Fees, Costs, and Service Award" means the application to be submitted to the Court by Class Counsel, as part of the Motion for Final

Approval, requesting an award of attorneys' fees for Class Counsel, reimbursement of litigation costs incurred by Class Counsel, and a Service Award for the Class Representative.

6.      "Capital One" means Capital One, N.A.

7.      "Check" means an original paper check or substitute check.

8.      "Class Counsel" means Jeff Ostrow, Jonathan Streisfeld, and Daniel Tropin of Kopelowitz Ostrow P.A.; Jeffrey D. Kaliel and Sophia G. Gold of KalielGold PLLC; Andrea R. Gold of Tycko & Zavareei, LLP; and James Pizzirusso of Hausfeld LLP.

9.      "Class Period" means the period from September 1, 2015, through January 12, 2022.

10.      "Class Representative" means Plaintiff Bob McNeil.

11.      "Court" means the United States District Court for the Eastern District of New York.

12.      "Current Accountholder" means a Settlement Class Member who is an Accountholder as of the Effective Date as specified herein.

13.      "Defendant" means Capital One, N.A.

14.      "Defendant's Counsel" means Orrick, Herrington & Sutcliffe LLP.

15.      "Effective Date" shall be the later of: (1) 10 days after the time period has expired to appeal the judgment entered after the entry of the Final Approval Order without any appeal or motion to vacate judgment being filed; or (2) if an appeal of the judgment entered after the entry of Final Approval Order is taken, then the earlier of 10 days after the entry of an order dismissing the appeal or 10 days after the appeal has been finally resolved in the appellate court of last resort without any right to appeal or seek further review from another appellate court.

16.      "Email Notice" means a short form of Notice that shall be sent by email to Accountholders in the Settlement Class who agreed to receive electronic communications by

email in the form attached as ***Exhibit 1***.

17.     "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in Section IV below.

18.     "Final Approval" means the date that the Court enters, without material change from the proposed Final Approval Order, the Final Approval Order granting final approval to the Settlement and determines the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to the Class Representative.

19.     "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting Final Approval to the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to the Class Representative.

20.     "Final Approval Order" means the final order that the Court enters granting Final Approval to the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to the Class Representative.

21.     "Long Form Notice" means the form of Notice that shall be posted on the Settlement Website and shall be available to the Settlement Class in English and Spanish by mail on request made to the Settlement Administrator in the form attached as ***Exhibit 2***.

22.     "Motion for Final Approval" means the motion requesting the Court grant Final Approval to the Settlement pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e).

23.     "Motion for Preliminary Approval" means the motion requesting the Court grant

Preliminary Approval to the Settlement pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e).

24.     "NSF Fees" means any fee assessed to an Accountholder for items returned when the Account had insufficient funds.

25.     "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees and costs to Class Counsel and any Court approved Service Award to the Class Representative.

26.     "Notice" means the Email Notice, Postcard Notice, and Long Form Notice that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

27.     "Notice Program" means the methods provided for in this Agreement for giving the Notice of the Settlement and consists of Postcard Notice, Email Notice, and Long Form Notice, which shall be substantially in the forms as the exhibits attached to this Agreement.

28.     "Objection Period" means the period that begins the day after the earliest date on which the Notice is first distributed, and that ends no later than 30 days before the original date scheduled for the Final Approval Hearing.   The deadline for the Objection Period will be specified in the Notice.

29.     "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first distributed, and that ends no later than 30 days before the original date scheduled for the Final Approval Hearing.  The deadline for the Opt-Out Period will be specified in the Notice.

30.     "Overdraft Fee" or "OD Fee" means any fee assessed to an Accountholder for items paid when the Account had insufficient funds.

31.     "Party" means each of Plaintiff or Defendant, and "Parties" collectively means Plaintiff and Defendant.

32.     "Past Accountholder" means a Settlement Class Member who is not an Accountholder as the Effective Date as specified herein.

33.     "Plaintiff" means Bob McNeil.

34.     "Postcard Notice" shall mean the short form of Notice that shall be sent by mail to Accountholders in the Settlement Class who did not agree to receive electronic communications from Defendant, or for whom the Settlement Administrator is unable to send Email Notice using the email address provided by Defendant, in the form attached as *Exhibit 1.*

35.     "Preliminary Approval" means the date that the Court enters, without material change from the proposed Preliminary Approval Order, the Preliminary Approval Order granting preliminary approval to the Settlement.

36.     "Preliminary Approval Order" means the order the Court enters granting Preliminary Approval of this Settlement. The proposed Preliminary Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Preliminary Approval.

37.     "Releases" means all the releases contained in Section XII.

38.     "Released Claims" means any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that arise from or relate to Defendant's assessment of Representment Fees, and claims that were asserted or could possibly have been asserted in the Action relating to NSF Fees or OD Fees on ACH debits or Checks that were re-presented for payment, on or after September 1, 2015.

39.     "Released Parties" means Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and

former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors.

40.     "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

41.     "Represented ACH" means an ACH debit that was presented for payment and marked with RETRY PYMT or REDEPCHECK.

42.     "Represented Check" means a Check that was presented for payment in the same amount and with the same check number as another Check that was returned for insufficient funds.

43.     "Representment Fee" means an unrefunded NSF Fee or an Overdraft Fee charged to an Accountholder for either a Represented Check or Represented ACH, after Capital One had returned that Check or ACH debit for insufficient funds and assessed an NSF Fee on a prior presentment of that Check or ACH debit.

44.     "Residual Funds" means the portion of the Net Settlement Fund that remains undistributed as further described in Section XI.

45.     "Service Award" means any Court ordered payment to Plaintiff for serving as Class Representative, which is in addition to any payment due Plaintiff as a Settlement Class Member.

46.     "Settlement Administrator" means Angeion Group.  Settlement Class Counsel and Defendant may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement

preliminarily or finally. In the absence of agreement, either Settlement Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

47.     "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

48.     "Settlement Class" means all current and past Capital One checking Accountholders in the United States who were charged a Representment Fee, during the Class Period. Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors, all Accountholders who make a timely election to opt-out, and all judges assigned to this litigation and their immediate family members.

49.     "Settlement Class List" means the list of Accountholders in the Settlement Class who are to be sent Notice of the Settlement, and the list of Settlement Class Members following Final Approval to receive Settlement Class Member Payments.

50.     "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement and who is entitled to the benefits of the Settlement, including a Settlement Class Member Payment.

51.     "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the payment allocation terms of the Settlement.

52.     "Settlement Fund" means the $16,000,000.00 common cash fund Defendant is obligated to pay under the Settlement.  The Settlement Fund will be funded into an escrow account established by the Settlement Administrator within 10 days of the Court's entry of the Preliminary Approval Order.

53.     "Settlement Website" means the website that the Settlement Administrator will establish as a means for the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, Final Approval Order, final judgment, and such other documents as the Parties agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be *www.capitalonerepresentmentlitigation.com*, or such other URL as Class Counsel and Defendant agree upon in writing. The Settlement Website shall not include any advertising and shall not bear or include the Defendant's logo or Defendant's trademarks.

54.     "Value of the Settlement" means the Settlement Fund plus the Settlement Administration Costs.

## III.     Certification of the Settlement Class

55.     For settlement purposes only, Plaintiff will move for, and Defendant will not oppose, Preliminary Approval and Final Approval of the Settlement Class.

## IV.     Settlement Consideration and Escrow Account

56.     Subject to approval by the Court, Defendant shall establish a cash Settlement Fund of $16,000,000.00 and separately further pay the Settlement Administration Costs. The Settlement Fund shall be used to pay Settlement Class Members their respective Settlement Class Member Payments; any and all attorneys' fees and costs awarded to Class Counsel; any Service Award to the Class Representative; and any Residual Funds as required under this Agreement. Defendant shall not be responsible for any other payments under this Agreement.

57.     The Settlement Fund shall be paid by Defendant into the Escrow Account within 10 days of the entry of the Preliminary Approval Order.

58.     The funds in the Escrow Account shall be deemed a "qualified settlement fund"

within the meaning of United States Treasury Reg.§ 1.468B-l at all times since creation of the Escrow Account.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Defendant, Defendant's Counsel, Plaintiff, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant and Defendant's Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant and Defendant's counsel and Plaintiff and Class Counsel harmless for all taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## V.    **Settlement Approval**

59.    Upon execution of this Agreement by all Parties, Class Counsel shall promptly file a Motion for Preliminary Approval. The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by the Parties. The Motion for Preliminary Approval shall, among other things, request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein below for Accountholders in the Settlement Class to opt-out from the Settlement Class or for Settlement Class Members to object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Award; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendant's Counsel,

at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's Application for Attorneys' Fees, Costs and Service Award.

## VI.  Discovery and Settlement Data

60.  Class Counsel and Defendant have engaged in significant discovery related to liability and damages. Additionally, for purposes of effectuating the Settlement, Defendant will make available to Class Counsel and its expert, certain data for the entirety of the Class Period such that Plaintiff's expert may determine the Accountholders in the Settlement Class, the Representment Fees, and ultimately the pro rata share of the Settlement for each Settlement Class Member. Defendant shall deliver the necessary data to Class Counsel's expert no later than October 30, 2023. Defendant will bear the expense of extracting the necessary data made available to Class Counsel's expert for analysis, and Class Counsel shall be responsible for paying Class Counsel's expert to analyze the data. Because Plaintiff's expert will not have access to Accountholders in the Settlement Class names, addresses, email addresses, or Account numbers, Plaintiff's expert will provide his results to Defendant, which will then create a Settlement Class List that includes that additional information, which will be provided to the Settlement Administrator to provide Notice and for use in distributing Settlement Class Member Payments.

## VII.  Settlement Administrator

61.  The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and distributing the Settlement Fund as provided herein.

62.  The duties of the Settlement Administrator, in addition to other responsibilities

that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.      Use the Settlement Class List provided by Defendant in connection with the Notice Program approved by the Court, for the purpose of sending the Email Notice and mailing the Postcard Notice, and later mailing distribution checks to Past Accountholder Settlement Class Members, and to Current Accountholder Settlement Class Members where it is not feasible or reasonable for Defendant to make the payment by a credit to the Settlement Class Members' Accounts;

b.      Establish and maintain a post office box for requests to opt-out from the Settlement Class;

c.      Establish and maintain the Settlement Website;

d.      Establish and maintain an automated toll-free telephone line for Accountholders in the Settlement Class to call with Settlement-related inquiries, and answer the frequently asked questions of the Settlement Class who call with or otherwise communicate such inquiries;

e.      Respond to any mailed Settlement Class inquiries;

f.      Process all opt-out requests from the Settlement Class;

g.      Provide weekly reports to Class Counsel and Defendant that summarize the number of opt-out requests received that week, the total number of opt-out requests received to date, and other pertinent information;

h.      In advance of the Final Approval Hearing, prepare a declaration to submit to the Court confirming the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Accountholder in the Settlement Class who timely and properly opted-out from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

i.      Distribute Settlement Class Member Payments by check to Past Accountholder

Settlement Class Members;

j.      Provide to Defendant the amount of the Settlement Class Member Payments to Current Accountholder Settlement Class Members from the Settlement Fund and work with Defendant to initiate the credits of Settlement Class Member Payments to Current Accountholder Settlement Class Members.

k.      If Residual Funds exist after the first distribution, repay Defendant for the amount of Settlement Administration Costs it paid;

l.      Pay invoices, expenses, and costs upon approval by Class Counsel and Defendant, as provided in this Agreement; and

m.      Any other Settlement-administration-related function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been distributed.

63.      Defendant shall pay the Settlement Administration Costs.

64.      Residual Funds, if any, shall be paid first to Defendant to reimburse it for these costs as indicated in Section XI.

**VIII.   <u>Notice to Settlement Class</u>**

65.      As soon as practicable after Preliminary Approval of the Settlement, at the direction of Class Counsel and Defendant's Counsel, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court. The Notice shall include, among other information: a description of the material terms of the Settlement; a deadline by which Accountholders in the Settlement Class may opt-out of the Settlement Class; a deadline by which Settlement Class Members may object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Award; the Final Approval Hearing, location, date, and time; and the Settlement Website address at which Accountholders

in the Settlement Class may access this Agreement and other related documents and information. Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the Defendant's logo or trademarks or the return address of Defendant, or otherwise be styled to appear to originate from Defendant. The Long Form Notice will be translated to Spanish language and a Spanish language notation will be made on the Postcard Notice and Email Notice regarding the available translated Long Form Notice.

66.     The Long Form Notice also shall include a procedure for Accountholders in the Settlement Class to opt-out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period. Requests to opt-out of the Settlement must be sent by U.S. Mail or private courier (*e.g.*, Federal Express) to the Settlement Administrator.  The opt-out request must be personally signed by the Accountholder in the Settlement Class and contain the name, last four digits of the account number(s) or former account number(s), postal address, email address (if any), telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a desire to be excluded from the Settlement Class. A member of the Settlement Class may opt out on an individual and personal basis only; so-called "mass" or "class" opt-outs shall not be allowed. Any Accountholder in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Agreement. If an Account has more than one Accountholder, and if one Accountholder opts-out himself or herself from the Settlement Class, then all Accountholders on that Account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Accountholder shall be entitled to a payment under the Settlement.

67.     The Long Form Notice also shall include a procedure for Settlement Class Members to make a written objection to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Award, which must be submitted no later than the last day of the Objection Period, as specified in the Notice. The objection must be filed or mailed to the Clerk of the Court and mailed to the Settlement Administrator. If submitted by mail, a written objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

68.     For an objection to be considered by the Court, the objection must also set forth:

a.      the name of the Action;

b.      the objector's full name, address, email address (if any), and telephone number;

c.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Award;

f.      the number of times in which the objector's counsel and/or counsel's law

firm have objected to a class action settlement within the five years preceding the date

that of the filed objection, the caption of each case in which counsel or the firm has made

such objection and a copy of any orders related to or ruling upon counsel's or the

counsel's law firm's prior objections that were issued by the trial and appellate courts in

each listed case in which the objector's counsel and/or counsel's law firm have objected

to a class action settlement within the preceding 5 years;

g.      any and all agreements that relate to the objection or the process of

objecting—whether written or oral—between objector or objector's counsel and any

other person or entity;

h.      the identity of all counsel (if any) representing the objector who will

appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval

Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear

and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Capital One may conduct limited discovery on any objector

consistent with the Federal Rules of Civil Procedure including taking a deposition.

69.      Notice shall be provided to Accountholders in the Settlement Class in three

different ways: (a) Email Notice to Accountholders for whom Defendant has email addresses if

the Accountholder has agreed to receive electronic communications from Defendant; (b)

Postcard Notice to those Accountholders for whom Defendant does not have email addresses, for

Accountholders who have not agreed to receive electronic communications from Defendant, or

for which the Email Notice is returned undeliverable; and (c) Long Form Notice with greater

detail than the Email Notice and Postcard Notice, which shall be available on the Settlement Website and/or via mail upon request by an Accountholder in the Settlement Class. Not all Accountholders in the Settlement Class will receive all three forms of Notice, as detailed herein.

70.     The Email Notice, Postcard Notice, and Long Form Notice shall be in forms approved by the Court, and substantially similar to the notice forms attached hereto as ***Exhibits 1*** and ***2***. The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

71.     Once the Settlement Administrator has the Settlement Class List, the Settlement Administrator shall send out Email Notice to all Accountholders in the Settlement Class receiving Notice by that method. For those Accountholders in the Settlement Class for whom Defendant does not have email addresses, for those Accountholders who have not agreed to receive electronic communications from Defendant or for whom the Email Notice is returned undeliverable, the Settlement Administrator shall run the physical addresses provided by Defendant through the National Change of Address Database and shall mail to all such Accountholders in the Settlement Class Postcard Notice.  The initial Mailed Postcard and Email Notice shall be referred to as "Initial Mailed Notice."

72.     The Settlement Administrator shall perform reasonable address traces for initial Mailed Notice postcards that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Accountholders in the Settlement Class whose new addresses were identified as of that time through address traces. The Settlement Administrator shall also send Postcard Notice to all Accountholders in the Settlement Class whose emails were returned as

undeliverable and complete such Notice pursuant to the deadlines described herein as they relate to the Notice re-mailing process.

73.     The Notice Program shall be completed no later than 60 days before the original date set for the Final Approval Hearing.

74.     The Settlement Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. In addition to weekly updates to the Parties regarding the progress of the Notice Program and the declaration by the Settlement Administrator in advance of the Final Approval Hearing and in support of the Motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties three days prior to the Final Approval Hearing. The database maintained by the Settlement Administrator regarding the Notices shall be available to the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party as it contains bank account information for each Accountholder in the Settlement Class. Protecting bank account information is in the best interest of the Settlement Class.

75.     Costs related to the Notice Program shall be paid by Defendant. Residual Funds, if any, shall be paid first to Defendant to reimburse it for these costs, as indicated in Section XI.

## IX.     Final Approval Order and Final Judgment

76.     Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled Final Approval Hearing date, time, and location. Plaintiff shall file his Motion for Final Approval of the Settlement no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on the Motion for Final Approval and the Application for Attorneys' Fees, Costs and Service Award. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the

Settlement or the Application for Attorneys' Fees, Costs, and Service Award. If the date or location of the Final Approval Hearing changes, that information will be included on the Settlement Website for the Settlement Class's benefit.

77.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and final judgment thereon, and whether to approve the Application for Attorneys' Fees, Costs, and Service Award. Such proposed Final Approval Order shall, among other things:

a.     Determine that the Settlement is fair, adequate, and reasonable;

b.     Finally certify the Settlement Class for settlement purposes only;

c.     Determine that the Notice provided satisfies Fed. R. Civ. P. 23 and Due Process requirements;

d.     Bar and enjoin all Releasing Parties from asserting any of the Released Claims; bar and enjoin all Releasing Parties from pursuing any Released Claims against the Released Parties at any time, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.     Release Defendant and the other Released Parties from the Released Claims; and

f.     Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## X.     Calculation and Disbursement of Settlement Class Member Payments

78.     The calculation and implementation of payment allocations of the Settlement Fund shall be done by Class Counsel and its expert for the purpose of compensating Settlement Class Members on a *pro rata* basis. The methodology provided for herein will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking

into consideration the nature and completeness of the data and the purpose of the computations. Consistent with its contractual, statutory, and regulatory obligations to maintain the security of and protect its customers' private financial information, Defendant shall make available such data and information as may reasonably be needed by Class Counsel and its expert to confirm and/or effectuate the calculations of Representment Fees contemplated by this Agreement. Class Counsel shall confer with Defendant's Counsel concerning any such data and information.

79.     The Net Settlement Fund shall be paid *pro rata* to the Settlement Class Members using the following calculation:

a.      The dollar amount of the Net Settlement Fund divided by the total number of Representment Fees paid by all Settlement Class Members, which yields a per-fee amount;

b.      Multiply the per-fee amount by the total number of Representment Fees for each Settlement Class Member; and

c.      This results in the individual Settlement Class Member Payment amount.

80.     The Parties agree the foregoing payment allocation formula is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any Settlement Class Member Payment each Settlement Class Member should receive from the Net Settlement Fund. The fact that this payment allocation formula will be used is not intended and shall not be used for any other purpose or objective whatsoever.

81.     Within 15 days after the Effective Date, the Settlement Administrator shall identify to Defendant the full amount of Settlement Class Member Payments, along with the amount of each Settlement Class Member Payment to be credited to Current Accountholders' Accounts.

82.     As soon as practicable but no later than 60 days from the Effective Date, Defendant and the Settlement Administrator shall distribute the Net Settlement Fund to

Settlement Class Members, as follows:

a.   Settlement Class Member Payments to Current Accountholders shall be made by a credit to those Accountholders' Accounts maintained individually at the time of the credit. The Settlement Administrator shall transfer the funds necessary for Defendant to make these credits at least 10 days before Defendant's deadline to make the credits. Defendant shall notify Current Accountholders of any such credit on the Account statement on which the credit is reflected by stating "Representment Fee Refund" or something similar. Defendant will bear any costs associated with implementing the credits and notification required by this paragraph. If by the deadline for Defendant to apply credits of Settlement Class Member Payments to Accounts Defendant is unable to complete certain credits, or it is not feasible or reasonable to make the payment by a credit, Defendant shall deliver the total amount of such unsuccessful Settlement Class Member Payment credits to the Settlement Administrator to be paid by check in accordance with subparagraph b. below.

b.   Settlement Fund Payments to Past Accountholders will be made by check with an appropriate legend, in a form approved by Class Counsel and Defendant's Counsel, to indicate that it is from the Settlement Fund. Checks will be cut and mailed by the Settlement Administrator and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for 180 days. For jointly held Accounts, checks will be payable to all Accountholders, and will be mailed to the first Accountholder listed on the Account. The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Funds whose check is returned by the Postal Service as undeliverable (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose), and will re-mail it once to the updated address, or, in the case of a jointly held Account, and in the Settlement Administrator's discretion, to an

Accountholder other than the one listed first. In the event of any complications arising in connection with the issuance or cashing of a check, the Settlement Administrator shall provide written notice to Class Counsel and Defendant's Counsel. Absent specific instructions from Class Counsel and Defendant's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. All costs associated with the process of printing and mailing the checks and any accompanying communication to Past Accountholders shall be borne by Defendant.

83. The amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall be held by the Settlement Administrator for up to one year from the date that the Settlement Administrator mails the first distribution check. During this time, the Settlement Administrator shall make a reasonable effort to locate intended recipients of Settlement Class Member Payments whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks. The Settlement Administrator shall make only one such additional attempt to identify updated addresses and re-mail or re-issue a distribution check to those for whom an updated address was obtained.

## XI.   **Disposition of Residual Funds**

84.    Within one year after the date the Settlement Administrator mails the first Settlement Class Member Payment, any Residual Funds shall be distributed as follows:

a.    First, any Residual Funds shall be payable to Defendant for the amount that it paid for Settlement Administration Costs.

b.    Second, any Residual Funds remaining after distribution shall be distributed on a *pro rata* basis to participating Settlement Class Members who received Settlement Class

Member Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair. Should such a second distribution be made, Current Accountholders shall receive an Account credit and Past Accountholders will receive a check.   Any second distribution checks shall be valid for 90 days.

c.     Third, in the event the costs of preparing, transmitting and administering such subsequent payments to Settlement Class Members do not make individual distributions economically feasible or practical or other specific reasons exist that would make such further distributions impossible or unfair, or if such a second distribution is made and Residual Funds still remain, the Residual Funds shall be distributed to a *cy pres* recipient.  The Parties agree to propose Operation HOPE as the *cy pres* recipient.

d.     All costs of any second distribution, including Defendant's internal costs of crediting Settlement Class Member Accounts, shall come from the Residual Funds, and Defendant is not required to pay these costs as Settlement Administration Costs.  Costs for delivery of Residual Funds to a *cy pres* recipient shall also come from the Residual Funds.

## XII.   Releases

85.     As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from the Released Claims.

86.     Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

87.     With respect to all Released Claims and all Released Parties, Plaintiff agrees that he is expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

88.     Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.

89.     In addition to the releases made by Plaintiff and Settlement Class Members above, Plaintiff, including each and every one of his agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in this Agreement. This named Plaintiff agrees to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

90.     Nothing in this Agreement shall operate or be construed to release any claims or rights that Defendant has to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans, or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off that Plaintiff or any Settlement Class Member has, other than with respect to the claims expressly released by this Agreement, in the event Defendant and/or its assigns seeks to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans, or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts.

### XIII.   Payment of Attorneys' Fees and Costs and Service Award

91.     Defendant agrees that Class Counsel shall be entitled to request an award of reasonable attorneys' fee of up to 33.33% of the Value of the Settlement and request reimbursement of reasonable litigation costs, to be determined by the Court.  Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund.

The Parties agree the Court's failure to approve, in whole or in part, any award for attorneys' fees and costs shall not prevent the Settlement from becoming effective, nor shall it be grounds for termination.

92.    Within 5 days of the Court's entry of the Final Approval Order, the Settlement Administrator shall pay Class Counsel all Court-approved attorneys' fees and costs from the Settlement Fund. In the event the award of attorneys' fees and costs is reduced on appeal, or if the Effective Date does not occur (either because approval of the Settlement is overturned or the Agreement is terminated for any reason), Class Counsel shall reimburse the Settlement Fund, within 10 business days of the entry of the order reducing the fees, overturning the approval of the Settlement on appeal, or the termination of the Agreement, the difference between the amount distributed and the reduced amount (in the event of a reduction) or the entirety of the amount (in the event approval is overturned or the Agreement is terminated).

93.    After the attorneys' fees and costs have been paid to Class Counsel by the Settlement Administrator, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees and costs to that firm. Defendant shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees and costs or any other payments from the Settlement Fund not specifically described herein.

94.    In the event the Effective Date does not occur, or the attorneys' fees or cost award is reduced following an appeal, each counsel and their law firms who have received any payment of such fees or costs shall be jointly and severally liable for the entirety.  Further, each counsel and their law firms consent to the jurisdiction of the Court for the enforcement of this provision.

95.    Defendant agrees that Class Counsel shall be entitled to request the Court to approve a Service Award to the Plaintiff as the Class Representative in an amount up to

$5,000.00, to be approved by the Court. The Service Award is to be paid by the Settlement Administrator to the Class Representative within 10 days of the Effective Date. The Service Award shall be paid to the Class Representative in addition to Class Representative's Settlement Class Member Payment. The Parties agree the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement from becoming effective, nor shall it be grounds for termination.

96.     The Application for Attorneys' Fees, Costs, and Service Award shall be filed not later than 45 days before the Final Approval Hearing.

97.     The Parties negotiated and reached agreement regarding attorneys' fees and costs and the Service Award only after reaching agreement on all other material terms of this Settlement.

**XIV.   Termination of Settlement**

98.     This Settlement may be terminated by either Plaintiff or Defendant by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between the Parties) after any of the following occurrences:

a.      the Parties agree to termination;

b.      the Court rejects, materially modifies, materially amends, or changes, or declines to grant Preliminary Approval or Final Approval;

c.      an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

d.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that

Plaintiff or Defendant seeking to terminate the Settlement reasonably considers material;

      e.     the Effective Date does not occur; or

      f.     any other ground for termination provided for elsewhere in this Agreement.

99.    Defendant also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 15 days after its receipt from the Settlement Administrator of any report indicating that the number of Accountholders in the Settlement Class who timely opt-out from the Settlement Class equals or exceeds 5% of the total Accountholders in the Settlement Class.

## XV.    **Effect of a Termination**

100.    The grounds upon which this Agreement may be terminated are set forth herein above. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

101.    In the event of termination, Defendant shall have no right to seek reimbursement from Plaintiff, Class Counsel, or the Settlement Administrator, for Settlement Administration Costs paid by Defendant. After payment of any invoices or other fees or costs mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund, to the extent any such fees or costs have been incurred given Defendant's obligation to directly pay Settlement Administration Costs, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within 7 days of termination.

102.    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

103.     Certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement. If this Agreement terminates or is nullified, the provisional class certification shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Agreement. Thereafter, Plaintiff shall be free to pursue any claims available to him, and Defendant shall be free to assert any defenses available to it, including but not limited to, denying the suitability of this case for class treatment. Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims and defenses.

104.     In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

**XVI.   No Admission of Liability**

105.     Defendant continues to dispute its liability for the claims alleged in the Action and maintains that its Overdraft fee and NSF fee practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its Accountholders. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

106.     Plaintiff and Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed

Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant formal discovery including extensive written discovery, document review, and multiple depositions, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Accountholders in the Settlement Class.

107.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

108.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Accountholders in the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

109.    In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the

Releases contained herein.

## XIX.        Miscellaneous Provisions

110.    <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

111.    <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

112.    <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

113.    <u>Obligation to Meet and Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

114.    <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

115.    <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

116.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

117.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts,

each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

118.    <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

119.    <u>Notices</u>.  All notices to Class Counsel and Defendant's counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> KOPELOWITZ OSTROW P.A.
> Jeff Ostrow
> 1 West Las Olas Blvd., Suite 500
> Fort Lauderdale, Florida 33301
> Email: streisfeld@kolawyers.com
> *Class Counsel*
>
> TYCKO & ZAVAREEI LLP
> Andrea R. Gold, Esq.
> 2000 Pennsylvania Avenue NW
> Suite 1010

Washington, DC 20006
*Class Counsel*

KALIEL GOLD PLLC
Sophia G. Gold
950 Gilman Street, Suite 200
Berkeley, CA 94710
sgold@kalielgold.com
*Class Counsel*

HAUSFELD
James Pizzirusso
888 16th Street, N.W.
Suite 300
Washington, DC 20006
*Class Counsel*

ORRICK, HERRINGTON & SUTCLIFFE LLP
James McGuire
405 Howard Street
San Francisco, CA 94105
jmcguire@orrick.com
*Defendant's Counsel*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

120. <u>Modification and Amendment</u>.   This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

121. <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

122. <u>Authority</u>.  Class Counsel (for the Plaintiff and the Settlement Class Members) represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the

definitions of Plaintiff to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

123. <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

124. <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Defendant has provided and is providing information that Plaintiff reasonably requests to identify Accountholders in the Settlement Class and the alleged damages they incurred. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

125. <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically

warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page Follows*

Dated: Sep 8, 2023

*Bob J. McNeil*
**BOB MCNEIL**
*Plaintiff*

Dated: Sep 8, 2023

*Jeffrey Ostrow*
Jeffrey Ostrow (Sep 8, 2023 16:16 EDT)
Jeff Ostrow, Esq.
KOPELOWITZ OSTROW P.A.
*Class Counsel*

Dated: Sep 11, 2023

*Andrea Gold*
Andrea Gold (Sep 11, 2023 10:34 EDT)
Andrea Gold, Esq.
TYCKO & ZAVAREEI LLP
*Class Counsel*

Dated: Sep 8, 2023

*Sophia Gold*
Sophia Gold (Sep 8, 2023 14:06 PDT)
Sophia Gold, Esq.
KALIELGOLD PLLC
*Class Counsel*

Dated: Sep 8, 2023

James Pizzirusso, Esq.
HAUSFELD LLP
*Class Counsel*

Dated: Sep 12, 2023

CAPITAL ONE, N.A.

By: Matthew Cooper
ITS General Counsel

Dated: Sept. 12, 2023

James McGuire, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
*Counsel for Defendant*

# Exhibit 1 – Email and Postcard Notice

*Bob McNeil v Capital One Bank, N.A.*

Case No. :19-CV-00473

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

**IF YOU WERE CHARGED CERTAIN REPRESENTMENT FEES ON A CAPITAL ONE CONSUMER CHECKING ACCOUNT FROM SEPTEMBER 1, 2015, THROUGH JANUARY 12, 2022, THEN YOU MAY BE ENTITLED TO A PAYMENT OR CREDIT FROM A CLASS ACTION SETTLEMENT**

Para una notificación en español, visite nuestro sitio de web: [INSERT WEBSITE ADDRESS]

This is not a solicitation from a lawyer.
The United States District Court for the Eastern District of New York has authorized this Notice.

You may be a member of the Settlement Class in *Bob McNeil v. Capital One Bank, N.A.*, in which the Plaintiff, Bob McNeil, alleges that Defendant, Capital One, N.A. ("Capital One") improperly assessed and collected NSF Fees and overdraft fees on checks and ACH debits that were re-presented by the payee after being previously returned for insufficient funds and assessed an NSF fee . Capital One maintains it did nothing wrong, but has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.

If you are a member of the Settlement Class and the Settlement is approved, you may be entitled to receive a cash payment from a $16,000,000.00 Settlement Fund. The Court has preliminarily approved this Settlement. It will hold a Final Approval Hearing on [INSERT DATE]. At that hearing, the Court will consider whether to grant Final Approval to the Settlement, and whether to approve payment from the Settlement Fund of up to $5,000.00 as a Service Award to the Class Representative; up to 33.33% of the Value of the Settlement, or $5,416,666.66, of the Settlement Fund as attorneys' fees; and reimbursement of litigation costs. If the Court grants Final Approval of the Settlement and you do not opt-out from the Settlement, you will release your right to bring any claim covered by the Settlement. In exchange, Capital One has agreed to issue a credit to your Account or a check payment to you if you are no longer a customer.

**To obtain a Long Form class notice and other important documents, please visit [INSERT WEBSITE ADDRESS]. Alternatively, you may call [INSERT PHONE #].**

*If you do not want to participate in this Settlement—you do not want to receive a credit or check payment and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE]. If you want to object to this Settlement because you think it is not fair, adequate, or reasonable, you may object by submitting a written objection postmarked no later than [PARTIES TO INSERT DATE]. You may learn more about the opt-out and objection procedures by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [Insert Phone #].*

**If you do not take any action, you will be legally bound by the Settlement and any orders or judgment entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Capital One.**

# Exhibit 2 – Long Form Notice

*Bob McNeil v Capital One Bank, N.A.*
*Case No.* 1:19-cv-00473

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU WERE CHARGED CERTAIN REPRESENTMENT FEES ON A CAPITAL ONE CONSUMER CHECKING ACCOUNT FROM SEPTEMBER 1, 2015, THROUGH JANUARY 12, 2022, THEN YOU MAY BE ENTITLED TO A PAYMENT OR CREDIT FROM A CLASS ACTION SETTLEMENT**

This is not a solicitation from a lawyer.

The United States District Court for the Eastern District of New York has authorized this Notice.

All capitalized terms herein have the same meanings as those defined in the Settlement Agreement, which is found on the Settlement Website, www.capitalonerepresentmentlitigation.com.

A Settlement has been reached in a class action lawsuit claiming that Capital One, N.A. breached its contract with Accountholders and improperly assessed and collected Representment Fees on certain transactions. "Representment Fee" means an unrefunded NSF Fee or an Overdraft Fee charged to an Accountholder for either a Represented Check or Represented ACH, after Capital One had returned that Check or ACH debit for insufficient funds and assessed an NSF Fee on a prior presentment of that Check or ACH debit. "Represented ACH" means an ACH debit that was presented for payment and marked with RETRY PYMT or REDEPCHECK. "Represented Check" means a Check that was presented for payment in the same amount and with the same check number as another Check that was returned for insufficient funds. Capital One maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.

A cash Settlement Fund of $16,000,000.00 has been established to pay Settlement Class Member Payments and any attorneys' fees and costs and any Service Award ordered by the Court. Current Accountholders who have and Past Accountholders who had a Capital One consumer checking account(s) may be eligible for a Settlement Class Member Payment from the Settlement Fund.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING AND RECEIVE A PAYMENT OR ACCOUNT CREDIT** | If you don't do anything and the Settlement is approved, you will receive a payment or account credit from the Settlement Fund so long as you do not opt-out of the Settlement (described in the next box). |
| **OPT-OUT FROM THE SETTLEMENT; RECEIVE NO PAYMENT OR ACCOUNT CREDIT, BUT RELEASE NO CLAIMS** | You can choose to opt-out of the Settlement. This means you choose not to participate in the Settlement. You will keep your individual claims against Capital One, but you will not receive a payment or account credit. If you opt-out of the Settlement, but want to recover against Capital One, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You may mail an objection to the Settlement Administrator explaining why you believe the Court should reject the Settlement. If the Settlement is approved and your objection is overruled by the Court, then you may receive a payment or account credit, and you will not be able to sue Capital One for the claims asserted in this Action. If the Court agrees with your objection, then the Settlement may not be approved. |

These rights and options – *and the deadlines to exercise them* – along with the material terms of the Settlement are explained in this Notice.

The Court in charge of this Action still has to decide whether to approve the Settlement. Payments and account credits will be provided if the Court approves the Settlement and after any appeals, if filed, are resolved. Please be patient.

## BASIC INFORMATION

| **1.** | **What is this lawsuit about?** |
|---|---|

The lawsuit that is being settled is entitled *Bob McNeil v. Capital One Bank, N.A*. It is pending in the United States District Court for the Eastern District of New York, Case No. 1:19-cv-00473. The case is a class action. That means that the Class Representative, Bob McNeil, is an individual who is acting on behalf of current and past Capital One Accountholders who were assessed certain fees called Representment Fees from September 1, 2015, through January 12, 2022. "Representment Fee" an unrefunded NSF Fee or an Overdraft Fee charged to an Accountholder for either a Represented Check or Represented ACH, after Capital One had returned that Check or ACH debit for insufficient funds and assessed an NSF Fee on a prior presentment of that Check or ACH debit. The Class Representative has asserted claims for breach of the Account agreements.

The Complaint in this lawsuit is posted on the Settlement Website and contains all of the allegations and claims asserted against Capital One. Capital One maintains that it did nothing wrong, but has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.

| | |
|---|---|
| **2.** | **Why did I receive this Notice of this lawsuit?** |

You received this Notice because Capital One's records indicate that you were charged one or more of the Representment Fees that are the subject of this Action. You may be a member of the Settlement Class. The Court directed that Notice be sent to all Accountholders in the Settlement Class because each such Accountholder has a right to know about the proposed Settlement and the options available to him or her before the Court decides whether to approve the Settlement.

| | |
|---|---|
| **3.** | **Why did the Parties settle?** |

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Class Representative's and his lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Class Representative's lawyers, known as Class Counsel, make this recommendation to the Class Representative. The Class Representative has the duty to act in the best interests of the class as a whole and, in this case, it is his belief, as well as Class Counsel's opinion, that this Settlement is in the best interest of all Accountholders in the Settlement Class.

In Class Counsel's opinion, there is legal uncertainty about whether a judge or a jury will find that Capital One was contractually and otherwise legally obligated not to assess the Representment Fees at issue. Even if it was contractually wrong to assess these fees or Capital One misrepresented the practice, there is uncertainty about whether the Class Representative's claims are subject to other defenses that might result in no or less recovery to Accountholders in the Settlement Class. Even if the Class Representative was to win at trial, there is no assurance that the Accountholders in the Settlement Class would be awarded more than the current Settlement amount and it may take years of litigation before any payments would be made. By settling, and based on Class Counsel's experience, the Accountholders in the Settlement Class will avoid these and other risks and the delays associated with continued litigation.

While Capital One disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the Settlement solely to avoid the cost, delay, and uncertainty of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| | |
|---|---|
| **4.** | **How do I know if I am part of the Settlement?** |

If you received an Email Notice or Postcard Notice, then Capital One's records indicate that you may be a member of the Settlement Class and entitled to receive a payment or credit to your Account.

## YOUR OPTIONS

| 5. | What options do I have with respect to the Settlement? |
|---|---|

You have three options: (1) do nothing and you will receive a payment or account credit according to the terms of this Settlement; (2) opt-out of the Settlement; or (3) participate in the Settlement, but object to it. Each of these options is described in a separate section below.

| 6. | What are the critical deadlines? |
|---|---|

There is no deadline to receive a Settlement payment or account credit. If you do nothing and the Settlement is approved, then you will get a payment or credit.

The deadline for sending a letter to the Settlement Administrator to opt-out of the Settlement is _____.

The deadline to send a written objection to the Settlement Administrator to object to the Settlement is also _____.

| 7. | How do I decide which option to choose? |
|---|---|

If you do not wish to participate in the Settlement and be sent a payment or account credit and be bound by the release, then you should opt-out. Likewise, if you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this Settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate, you can object to the Settlement terms. The Court will consider timely objections. The Court will decide whether to approve the Settlement and the award of attorneys' fees, costs and Service Award. If the Court decides not to approve the Settlement, then the Settlement will be void and no payments or account credits will be issued pursuant to its terms. If the Court approves the Settlement, whether or not it grants the requests for attorneys' fees, litigation costs, a Service Award, or Settlement Administration Costs in full, then you will still be sent a payment or receive an account credit and will be bound by the Settlement, including the release of claims.

If you want to participate in the Settlement, then you do not have to do anything; you will be sent a payment or account credit if the Settlement is approved by the Court.

| 8. | What has to happen for the Settlement to be approved? |
|---|---|

The Court has to decide that the Settlement is fair, reasonable, and adequate before it will approve it. The Court already has granted Preliminary Approval of the Settlement, which is why you received a Notice. The Court will make a final decision regarding the Settlement at the Final Approval Hearing, which is currently scheduled for _____, 2023. The location of the hearing is set forth below.

## THE SETTLEMENT PAYMENT

| 9. How much is the Settlement? |
| --- |

Capital One has agreed to create a Settlement Fund of $16,000,000.00.

As discussed separately below, attorneys' fees (estimated to be 33.33% of the Value of the Settlement or approximately $5,416,666.66), litigation costs, and a Service Award of $5,000.00 to the Class Representative will be paid out of the Settlement Fund. Assuming all of those requested disbursements are approved in full by the Court, the Net Settlement Fund of $_____ will be divided among all Settlement Class Members entitled to Settlement Class Member Payments based on a formula described in the Settlement and stated in response to Question 12 below.

| 10. How much of the Settlement Fund will be used to pay for attorneys' fees and costs? |
| --- |

Class Counsel will request the Court to approve attorneys' fees of up to $5,416,66.66 or 33.33% of the Value of the Settlement and will request reimbursement for litigation costs incurred in filing and litigating the Action. Class Counsel will file an application to make this request no later than _____, 2023. The Court will decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the case on a contingency basis, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| 11. How much of the Settlement Fund will be used to pay the Class Representative a Service Award? |
| --- |

Class Counsel will request that the Class Representative be paid a Service Award in the amount of up to $5,000.00 for his filing and pursuit of the Action. The Service Award must be approved by the Court. Class Counsel will file the application for this request with the Court no later than _____, 2023.

| 12. How much will my payment or account credit be? |
| --- |

The balance of the Settlement Fund after attorneys' fees and costs and the Service Award, also known as the Net Settlement Fund, will be divided among all Settlement Class Members entitled to Settlement Class Member Payments in accordance with the formula outlined in the Settlement and summarized below:

Assuming all requested disbursements from the Settlement Fund described above are approved in full, there will be a Net Settlement Fund of $_____ that shall be paid *pro rata* to the Settlement Class Members based upon the number of Representment Fees that each Settlement Class Member paid or was assessed. This results in each individual Settlement Class Member Payment.

Current Accountholders at the time the Settlement is effective and who are entitled to a

Settlement Class Member Payment will receive a credit to their Accounts for the amount they are entitled to receive.  Past Accountholders at the time the Settlement is effective and who are entitled to receive a Settlement Class Member Payment shall receive a check from the Settlement Administrator.

| **13.** | **What am I giving up to stay in the Settlement Class?** |
|---|---|

If you stay in the Settlement Class, all of the decisions by the Court will bind you, and you give Capital One a "release."  A release means you cannot sue, continue to sue, or be part of any other lawsuit against Capital One about the legal issues in this case.  As of the Effective Date, you shall automatically be deemed to have fully and irrevocably released and forever discharged Capital One of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action relating to the assessment of Representation Fees.  More information about the release may be found in the Settlement Agreement.

| **14.** | **Do I have to do anything if I want to participate in the Settlement?** |
|---|---|

No. If you are an Accountholder in the Settlement Class, then you may be entitled to receive a payment or credit for Representation Fees without having to make a claim, unless you choose to opt-out of the Settlement.

| **15.** | **When will I receive my payment or account credit?** |
|---|---|

The Court will hold a Final Approval Hearing on _____, 2023, at _____ a.m./p.m. to consider whether the Settlement should be approved. If the Court approves the Settlement, then payments should be made or credits should be issued within 60 days of the Effective Date.  However, if someone objects to the Settlement, and the objection is sustained, then there may be no Settlement.  Even if all objections are overruled and the Court approves the Settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

Any Residual Funds from uncashed checks remaining after the initial payments to Settlement Class Members, after reimbursing Capital One for the amount it paid for Settlement Administration Costs, will be distributed on a *pro rata* basis to participating Settlement Class Members who received Settlement Class Member Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair.

Subject to Court approval, in the event the costs of preparing, transmitting and administering such subsequent payments to Settlement Class Members do not make individual distributions economically feasible or practical or other specific reasons exist that would make such further

distributions impossible or unfair, or if such a second distribution is made and Residual Funds still remain, the total amount of uncashed checks will create a residual amount held by the Settlement Administrator which shall be paid to an appropriate *cy pres* recipient agreed to by the Parties and approved by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.    How do I opt-out of the Settlement?** |
| --- |

If you do not wish to participate in the Settlement and be bound by the release, and you do not want to receive a payment or credit, or if you want to keep any right you may have to sue Capital One for the claims alleged in this lawsuit, then you must opt-out of the Settlement.

To opt-out, you **must** send a letter to the Settlement Administrator that you want to opt-out. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Bob McNeil v. Capital One* class action." Be sure to include your name, the last four digits of your account number(s) or former account number(s), address, telephone number, and email address. Your exclusion or opt-out request must be postmarked by _____, and sent to:

Bob McNeil v. Capital One Settlement Administrator
ADDRESS OF THE SETTLEMENT ADMINISTRATOR

| **17.    What happens if I opt-out of the Settlement?** |
| --- |

If you opt-out of the Settlement, you will preserve and not give up any of your rights to sue Capital One for the claims alleged in this case. However, you will not be entitled to receive a payment or credit from the Settlement.

In the event an account has multiple Accountholders and one such individual opts-out of the Settlement, all of the Accountholders will be deemed to have opted-out of the Settlement.

## OBJECTING TO THE SETTLEMENT

| **18.    How do I notify the Court that I do not like the Settlement?** |
| --- |

You can object to the Settlement or any part of it that you do not like **IF** you do not opt-out of the Settlement. (Accountholders in the Settlement Class who opt-out have no right to object to how other Accountholders in the Settlement Class are treated.) To object, you may send a written document by mail or private courier (e.g., Federal Express) to the Settlement Administrator at the address below. Do not send your objection to the Court. Your written objection should include the following information:

a.  the name of the Action;
b.  the objector's full name, address, email address (if any), and telephone number;
c.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.  the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Award;

f.  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

g.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.  the objector's signature (an attorney's signature is not sufficient).

All written objections must be post-marked no later than ████████ ████, **2023**, and must be mailed to the Settlement Administrator as follows:

ADDRESS OF THE SETTLEMENT ADMINISTRATOR

**19.     What is the difference between objecting and requesting to opt-out of the Settlement?**

Objecting is telling the Court that you do not believe the Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it. You can object only if you do not opt-out of the Settlement. If you object to the Settlement and do not opt-out, then you are entitled to a payment or credit from Net Settlement Fund if the Settlement is approved, but you will be bound by the release of claims you might have against Capital One.

Opting-out is telling the Court that you do not want to be part of the Settlement, and do not want to receive a payment or credit for Representment Fees or release claims you might have against Capital One for the claims alleged in this lawsuit.

**20.     What happens if I object to the Settlement?**

The Court will consider the objection. If the Court sustains your objection, or the objection of any other member of the Settlement Class, then there may be no Settlement; provided, however,

that an objection to Class Counsel's requested attorneys' fees and costs or to the requested Service Award amount, may result in approval of the Settlement but the award of a lower attorneys' fee and cost amount or lower Service Award. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the Settlement. If the Court approves the Settlement, then the objector will participate in the Settlement. If the Court does not approve the settlement, then there is no Settlement.

## THE COURT'S FINAL APPROVAL HEARING

| **21.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Court will hold a Final Approval Hearing at ___ a.m./p.m. on _____, 2023, at the United States District Court for the Eastern District of New York _____Courthouse, which is located at _____, unless otherwise noticed by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the Service Award to the Class Representative. The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website at www.capitalonerepresentmentlitigation.com. Also, if the date and/or location of the Final Approval Hearing changes, that information will be posted on the same website. If the hearing is in-person, participants will be required to adhere to any Court-imposed social distancing requirements, including wearing a mask, if the Court has such a policy in effect on the date of the hearing. Notice of the final judgment entered by the Court will be given on the Settlement Website.

| **22.** | **Do I have to come to the hearing?** |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| **23.** | **May I speak at the hearing?** |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your written objection, described in Question 17 above, a statement like, "I hereby give notice that I intend to appear at the Final Approval Hearing." The Court will consider your objection even if you do not appear.

## THE LAWYERS REPRESENTING YOU

| **24.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this Notice as Class Counsel will represent you and the other members of the Settlement Class.  However, you may retain a lawyer to represent you at your own expense.

| 25. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund for the legal services provided to accomplish the Settlement for Settlement Class Members' benefit. Class Counsels' award of attorneys' fees and costs is deducted from the Settlement Fund, reducing that amount in calculating the Net Settlement Fund that Settlement Class Members will be paid.

| 26. | Who determines what the attorneys' fees and costs will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Final Approval Hearing. Class Counsel will file an application for attorneys' fees and costs before the Final Approval Hearing, which will specify the amounts being sought as discussed above.

### GETTING MORE INFORMATION

This Notice only summarizes the proposed Settlement. More details are contained in the Settlement Agreement, which can be viewed/obtained online at the Settlement Website www.capitalonerepresentmentlitigation.com or by contacting the Settlement Administrator (details below) and requesting a copy.

For additional information about the Settlement and/or to obtain a copy of the Settlement Agreement, or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Bob McNeil v. Capital One Settlement Administrator

For more information, you also can contact the Class Counsel as follows:

Jeff Ostrow
KOPELOWITZ OSTROW P.A.
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
954-525-4100
*ostrow@kolawyers.com*

Andrea Gold
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
202-973-0900
*agold@tzlegal.com*

Sophia Gold
KALIELGOLD PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710
202-350-4783
sgold@kalielgold.com

James Pizzirusso
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
202-540-7200
jpizzirusso@hausfeld.com

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF CAPITAL ONE CONCERNING THIS NOTICE OR THE SETTLEMENT.***

# McNeil v Capital One Settlement Agreement -- 9-8-2023 FINAL (01472732xC1DD2)

Final Audit Report                                                                 2023-09-11

| | |
|---|---|
| Created: | 2023-09-08 |
| By: | Todd Becker (becker@kolawyers.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA3OXTkoXerRo842FZVdLpzdcIeyzGfqqN |

## "McNeil v Capital One Settlement Agreement -- 9-8-2023 FINAL (01472732xC1DD2)" History

Document created by Todd Becker (becker@kolawyers.com)
2023-09-08 - 7:55:16 PM GMT- IP address: 146.168.124.226

Document emailed to Bob McNeil (bobj.mcneil@gmail.com) for signature
2023-09-08 - 7:57:44 PM GMT

Document emailed to Jeffrey Ostrow (ostrow@kolawyers.com) for signature
2023-09-08 - 7:57:45 PM GMT

Document emailed to Andrea Gold (agold@tzlegal.com) for signature
2023-09-08 - 7:57:45 PM GMT

Document emailed to sgold@kalielgold.com for signature
2023-09-08 - 7:57:45 PM GMT

Document emailed to James Pizzirusso (jpizzirusso@hausfeld.com) for signature
2023-09-08 - 7:57:45 PM GMT

Email viewed by sgold@kalielgold.com
2023-09-08 - 7:57:49 PM GMT- IP address: 72.14.199.70

Email viewed by Bob McNeil (bobj.mcneil@gmail.com)
2023-09-08 - 7:57:51 PM GMT- IP address: 66.102.8.73

Email viewed by James Pizzirusso (jpizzirusso@hausfeld.com)
2023-09-08 - 7:58:06 PM GMT- IP address: 104.28.77.149

Document e-signed by James Pizzirusso (jpizzirusso@hausfeld.com)
Signature Date: 2023-09-08 - 7:58:42 PM GMT - Time Source: server- IP address: 108.18.228.90

**Adobe Acrobat Sign**

Email viewed by Jeffrey Ostrow (ostrow@kolawyers.com)

2023-09-08 - 8:15:39 PM GMT- IP address: 104.47.55.126

Document e-signed by Jeffrey Ostrow (ostrow@kolawyers.com)

Signature Date: 2023-09-08 - 8:16:07 PM GMT - Time Source: server- IP address: 146.168.124.226

Document e-signed by Bob McNeil (bobj.mcneil@gmail.com)

Signature Date: 2023-09-08 - 8:31:35 PM GMT - Time Source: server- IP address: 70.23.88.179

Signer sgold@kalielgold.com entered name at signing as Sophia Gold

2023-09-08 - 9:06:42 PM GMT- IP address: 174.194.196.24

Document e-signed by Sophia Gold (sgold@kalielgold.com)

Signature Date: 2023-09-08 - 9:06:44 PM GMT - Time Source: server- IP address: 174.194.196.24

Email viewed by Andrea Gold (agold@tzlegal.com)

2023-09-11 - 2:34:05 PM GMT- IP address: 173.66.95.226

Document e-signed by Andrea Gold (agold@tzlegal.com)

Signature Date: 2023-09-11 - 2:34:17 PM GMT - Time Source: server- IP address: 173.66.95.226

Agreement completed.

2023-09-11 - 2:34:17 PM GMT

**Adobe Acrobat Sign**