UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOB MCNEIL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>- against -<br><br>CAPITAL ONE BANK, N.A.,<br><br>*Defendant*. | Case No. 1:19-cv-00473-RER-TAM |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

WHEREAS, Plaintiff in the above-captioned class Action has applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement and Releases entered into between Plaintiff Bob McNeil, individually and on behalf of the proposed Settlement Class, and Defendant Capital One, N.A., dated September 8, 2023, and this Court having reviewed the Agreement as submitted to the Court with the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval").

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1. The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate and likely to be approved at a final approval hearing such that giving notice is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement

1

as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

2. The Settlement was negotiated with the assistance of neutral Mediator Simeon H. Baum, Esq., and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and Defendant's Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3. The Court finds that it will likely certify at the final approval stage the Settlement Class for purposes of the Settlement only, consisting of:

> All current and former Capital One checking Accountholders in the United States who were charged a Representment Fee,[1] during the Class Period.

Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to opt-out, and all judges assigned to this litigation and their immediate family members.

4. The Class Period is September 1, 2015, through January 12, 2022.

5. The Court finds that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class members; (d) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent him as Class Counsel; (e) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore

---

[1] "Representment Fee" means an unrefunded NSF Fee or an Overdraft Fee charged to an Accountholder for either a Represented Check or Represented ACH, after Capital One had returned that Check or ACH for insufficient funds and assessed an NSF Fee on a prior presentment of that Check or ACH.

preliminarily certifies the proposed Settlement Class.

6. For purposes of the Settlement only, the Court finds and determines that it will likely find at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiff Bob McNeil will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints him as the Class Representative.

7. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Class Representative with respect to the Settlement:

Jeff Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
KOPELOWITZ OSTROW P.A.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301

Jeffrey D. Kaliel, Esq.
Sophia G. Gold, Esq.
KALIEL GOLD PLLC
1875 Connecticut Ave. NW, 10th Floor
Washington, DC 20009

Andrea R. Gold, Esq.
TYCKO & ZAVAREEI LLP
1827 L St. NW, Suite 1000
Washington, DC 20036

James Pizzirusso
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006

8. Angeion Group is appointed as Settlement Administrator and shall administer the Notice Program. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

9. Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the class representative and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

  10. Having reviewed the proposed Notice Program, including the Email Notice and Postcard Notice, and the Long Form Notice submitted by the Parties as Exhibits 1 and 2 to the Agreement, and the revised version of Exhibit 1 filed at the Court's request following the Preliminary Approval Hearing, the Court approves, as to form and content, the revised version of Exhibit 1 for Email Notice and Postcard Notice and the original Exhibit 2 for Long Form Notice for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the members of the Settlement Class. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definitions, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

  11. The Court directs the Settlement Administrator to cause a copy of the Email Notice or Postcard Notice to be sent to all Settlement Class members in accordance with the Notice Program. The Notice Program (including the Notice re-mailing process) shall be completed before the filing of the Motion for Final Approval.

  12. The Email Notice, Postcard Notice, and Long Form Notice shall be updated by Class Counsel and Defendant to include the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines Email Notice and Postcard Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

13. Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement member wishes to be excluded and not to be bound by this Agreement, that person must personally sign and mail a notice of intention to opt-out to the Settlement Administrator. The notice must be postmarked on or before the last day of the Opt-Out Period and must include the name of this Action; the Accountholder's name, address, telephone number, and email address; the last four digits of the account number(s) or former account number(s); and a clear request that the individual would like to opt-out or be excluded, by use of those or other words clearly indicating a desire to no longer participate in the Settlement. Any member of the Settlement Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, will not become a Settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a Settlement Class Member Payment, and will not be bound by the Agreement or the Final Approval Order. Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement. If an Account has more than one Accountholder, and if one Accountholder excludes himself or herself from the Settlement Class, then all Accountholders on that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Accountholder shall be entitled to a payment under the Settlement.

14. Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or a Service Award for the Class Representative, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) to the Clerk of the Court on or before the last day of the

Objection Period, as set forth in the Notices. Any objection must state: (a) the name of the Action; (b) the objector's full name, address, email address (if any) and telephone number; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel (if any) representing the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Award; (f) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (g) any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (h) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (i) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (k) the objector's signature (an attorney's signature is not sufficient).

15. Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16. Prior to the Final Approval Hearing, (i) Class Counsel shall file with the Court and serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the Notice Program was completed and providing the name of each Settlement Class member who timely and properly requested exclusion from the Settlement Class; and (ii) Capital One or Angeion Group shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

17. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

18. Upon the entry of this Order, the Class Representative and all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims against Capital One and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as whether to grant Final Approval of the Settlement.

19. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Capital One of any liability or wrongdoing by Capital One or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the conduct alleged in the Action or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Capital One's assessment of Representment Fees. Capital One may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. In the event that (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material

7

respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Capital One shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

21. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

22. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

23. A Final Approval Hearing will be held in the Courtroom of the Honorable Ramón E. Reyes, Jr., United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 2E North, Brooklyn, New York 11201 on **July 15, 2024 10:00 a.m.**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Costs and Service Award for the Class Representative; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case

8

the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees, Costs and Service Award for the Class Representative, no later than 45 days before the original date set forth herein for the Final Approval Hearing.

24. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

25. The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Notice Program Complete (including Initial Mailed Notice and the Notice Re-Mailing Process)** | **May 17, 2024** |
| **Motion for Final Approval and Application for Attorneys' Fees, Costs and Service Award** | **May 31, 2024** |
| **Opt-Out Deadline** | **June 17, 2024** |
| **Objection Deadline** | **June 17, 2024** |
| **Deadline to Respond to Objections** | **July 1, 2024** |
| **Final Approval Hearing** | **July 15, 2024, at 10:00 a.m.** |

**IT IS SO ORDERED.**

DATED: January 25, 2024

                                              Hon. Ramón E. Reyes, Jr.
                                              UNITED STATES DISTRICT JUDGE