UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BOB MCNEIL, individually and on behalf of
 all others similarly situated,

                            Plaintiff,                JUDGMENT
        v.                                       19-cv-00473-RER-TAM

CAPITAL ONE BANK, N.A.,

                            Defendant.
----------------------------------------------------------------X

An Order of the Honorable Ramon E. Reyes, United States District Judge, having been filed on July 15, 2024, granting application for attorneys' fees, costs, and service award; it is

ORDERED and ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates the definitions in the Agreement, and all terms used in this Final Approval Order have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable laws and rules. The conclusory objection of Lisa R. Clay is overruled for noncompliance with the objection requirements set forth in the Preliminary Approval Order and because it offers no basis for denying Final Approval. Likewise, Elmus Williams, who purports to object to the Settlement, lacks standing to object because he is not a member of the Settlement Class. Even if he was, his purported objection is also overruled for

non-compliance with objection requirements set forth in the Preliminary Approval Order and because it offers no basis for denying Final Approval.

4. The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5. Applying the Federal Rule of Civil Procedure 23(e)(2) factors, the Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arm's-length negotiations among competent, able counsel; and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Capital One to adequately evaluate and consider the strengths and weaknesses of their respective positions. The Settlement relief is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Class; and (iii) the terms of any proposed award of attorney's fees, including timing of payment. The Settlement treats Settlement Class Members equitably relative to each other. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, the lack of any meritorious objections by Settlement Class Members, and the opinions of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

6. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

7. No members of the Settlement Class validly submitted a notice of intention to opt out, and thus all members of the Settlement Class shall be bound by the Settlement.

8. Because the Court approves the Settlement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

9. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

10. The appointment of Bob McNeil as Class Representative is affirmed.

11. The appointment of the law firms of Kopelowitz Ostrow P.A., Kaliel Gold PLLC, Tycko & Zavareei LLP, and Hausfeld LLP as Class Counsel is affirmed.

12. The Court affirms the finding that the Settlement Class meets the relevant Federal Rule of Civil Procedure 23(a) and (b)(3) requirements for Settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent him; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

13. The Class Representative and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf ("Releasing Parties"), will be deemed to have fully and irrevocably released and forever discharged Capital One and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and

assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives,, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors ("Released Parties") of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that arise from or relate to Capital One's assessment of Representment Fees, and claims that were asserted or could possibly have been asserted in the Action relating to NSF Fees or OD Fees on ACH debits or Checks that were re-presented for payment, on or after September 1, 2015 ("Released Claims"). The Class Representative is hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

14. Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or noncontingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she

never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.

15. In addition to the releases made by Plaintiff and the Settlement Class Members above, Plaintiff Bob McNeil, including each and every one of his agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in the Agreement. The named Plaintiff agrees to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

16. The Class Representative and all Settlement Class Members are hereby barred and permanently enjoined from brining on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

17. The distribution plan as described in the Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class Members. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Agreement or affect the finality of this Final Approval Order.

18. The Court hereby decrees that neither the Agreement, nor this Final Approval Order, nor the fact of the Settlement, is an admission or concession by Capital One or the Released

Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Capital One or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense

19. Class Counsel is awarded attorneys' fees in the amount of $5,401,090.84 and costs in the amount of $279,665.51, such amounts to be paid from the Settlement Fund in accordance with the Agreement's terms. The Court concludes that the attorneys' fees awarded to Class Counsel meets the requirements of Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000), in all respects.

20. The Class Representative is awarded a Service Award of $5,000.00, such amount to be paid from the Settlement Fund in accordance with the terms of the Agreement.

21. Capital One shall separately pay the Settlement Administration Costs in accordance with the terms of the Agreement.

22. The Court hereby retains jurisdiction over: (a) the implementation, enforcement, and performance of the Agreement; (b) the administration, consummation, and enforcement of the Agreement; (c) all questions and/or disputes related to the Notice Program and the Settlement Administrator; and (d) the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released

Claims against Capital One or its affiliates at any time, including during any appeal from the Final Approval Order.

23. In the event the Effective Date does not occur or if the Settlement terminates due to any of the occurrences set forth in the Agreement, the Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and Capital One's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Agreement, with all of the Parties' respective pre-Settlement rights, claims, and defenses retained and preserved.

24. The Action is hereby dismissed with prejudice.

Dated: Brooklyn, New York          Brenna B. Mahoney
       July 23, 2024               Clerk of Court

                        By:    */s/Jalitza Poveda*
                               Deputy Clerk